Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
JENNIFER MCELHENIE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER MCELHENIE, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| v. | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| GO TO DRA LLC, JOE CAGLE, and | ) |
| LOGAN LEWIS, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, JENNIFER MCELHENIE ("Plaintiff"), by and through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, GO TO DRA LLC, JOE CAGLE, and LOGAN LEWIS ("DRA", "Cagle", and "Lewis" respectively and "Defendants" collectively):

**INTRODUCTION**

1. Counts I, III, and V of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Counts II, IV, and VI of the Plaintiff's Complaint are based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

1

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Hornbrook, Siskiyou County, State of California.

7. Plaintiff is a consumer and debtor as those terms are defined by the FDCPA and RFDCPA respectively.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the RFDCPA.

9. DRA is a debt collector as that term is defined by the FDCPA and the RFDCPA.

10. Cagle is a debt collector as that term is defined by the FDCPA and RFDCPA.

11. Lewis is a debt collector as that term is defined by the FDCPA and RFDCPA.

12. DRA is a Florida limited liability company headquartered in the Village of Islamorada, Monroe County, State of Florida.

13. Cagle is a natural person residing in the State of Florida.

14. Cagle is an owner of DRA.

15. Cagle is a member of DRA.

16. Lewis is a natural person residing in the State of Florida.

17. Lewis is an owner of DRA.

18. Lewis is a member of DRA.

19. Lewis is a managing member of DRA.

20. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

21. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

22. Defendants are business entities and/or individuals engaged in the collection of debt within the State of California.

23. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

24. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

25. When an unpaid, outstanding account is placed with DRA it is assigned a file number.

26. The principal purpose of DRA's business is the collection of debts allegedly owed to third parties.

27. DRA regularly collects, or attempts to collect, debts allegedly owed to third parties.

28. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

29. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

30. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff.

31. The alleged debt at issue arises from transactions for personal, family, and household purposes.

32. In or around July 2020, DRA began placing collection calls to Plaintiff in an attempt to collect the alleged debt.

33. DRA calls Plaintiff's cellular telephone at 559-301-8612 in an attempt to collect the alleged debt.

34. DRA calls Plaintiff from several numbers, including 623-439-9072, which is one of DRA's telephone numbers.

35. In connection with the above-referenced collection calls, Defendant's collectors, including collectors who have identified themselves as "LaToya Jackson", "Christopher Adams", and "Kara", also leave voicemail messages for Plaintiff.

36. With regard to the above-referenced voicemail messages:

   a. Defendant collectors failed to disclose that the calls were coming from Go To DRA LLC; and

4

    b. Defendants collectors failed to disclose that the calls were made in an attempt to collect a debt and that any information obtained will be used for that purpose.

37. The natural consequences of DRA's statements and actions was to produce an unpleasant and/or hostile situation between DRA and Plaintiff.

38. The natural consequences of DRA's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

39. The natural consequences of DRA's actions was to cause Plaintiff mental distress.

## COUNT I
## GO TO DRA LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

40. DRA violated the FDCPA based on the following:

    a. DRA violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when DRA employed the above-referenced unlawful debt collection tactics in an attempt to coerce Plaintiff into payment of the alleged debt;

    b. DRA violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when DRA's collector's voicemail messages failed to disclose that the calls were from Go To DRA LLC;

    c. DRA violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when DRA engaged in, at least, the following discrete violations of § 1692e;

    d. DRA violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when DRA engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

  e. DRA further violated § 1692e(10) of the FDCPA when DRA created the false impression on Plaintiff that Defendant was permitted by law to continue to engage in unlawful collection tactics with impunity;

  f. DRA violated § 1692e(11) of the FDCPA when DRA's collectors left Plaintiff voicemail messages that did not state that the communications were an attempt to collect a debt; and

  g. DRA violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, JENNIFER MCELHENIE, respectfully requests judgment be entered, both jointly and severally, against Defendant, GO TO DRA LLC, for the following:

41. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

42. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

43. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**GO TO DRA LLC VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

44. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

45. DRA violated the RFDCPA based on the following:

  a. DRA violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed *supra* in Count I.

6

WHEREFORE, Plaintiff, JENNIFER MCELHENIE, respectfully requests judgment be entered, both jointly and severally, against Defendant, GO TO DRA LLC, for the following:

46. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

47. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

48. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## JOE CAGLE VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

50. At all relevant times, acting alone or in concert with others, Cagle has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of DRA and its employees, including the acts and practices set forth in this Complaint.

WHEREFORE, Plaintiff, JENNIFER MCELHENIE, respectfully requests judgment be entered, both jointly and severally, against Defendant, JOE CAGLE, for the following:

51. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

52. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

53. Any other relief that this Honorable Court deems appropriate.

54. Honorable Court deems appropriate.

**COUNT IV**
**JOE CAGLE VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

55. Plaintiff repeats and re-alleges paragraphs 44-48 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

56. At all relevant times, acting alone or in concert with others, Cagle has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of DRA and its employees, including the acts and practices set forth in this Complaint.

WHEREFORE, Plaintiff, JENNIFER MCELHENIE, respectfully requests judgment be entered, both jointly and severally, against Defendant, JOE CAGLE, for the following:

57. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

58. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

59. Any other relief that this Honorable Court deems appropriate.

**COUNT V**
**LOGAN LEWIS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

60. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count V of Plaintiff's Complaint.

61. At all relevant times, acting alone or in concert with others, Lewis has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of DRA and its employees, including the acts and practices set forth in this Complaint.

WHEREFORE, Plaintiff, JENNIFER MCELHENIE, respectfully requests judgment be entered, both jointly and severally, against Defendant, LOGAN LEWIS, for the following:

62. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

63. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

64. Any other relief that this Honorable Court deems appropriate.

65. Honorable Court deems appropriate.

**COUNT VI**
**LOGAN LEWIS VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

66. Plaintiff repeats and re-alleges paragraphs 44-48 of Plaintiff's Complaint as the allegations in Count VI of Plaintiff's Complaint.

67. At all relevant times, acting alone or in concert with others, Lewis has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of DRA and its employees, including the acts and practices set forth in this Complaint.

WHEREFORE, Plaintiff, JENNIFER MCELHENIE, respectfully requests judgment be entered, both jointly and severally, against Defendant, LOGAN LEWIS, for the following:

68. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

69. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

9

70. Any other relief that this Honorable Court deems appropriate.

DATED: November 10, 2020

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff,
JENNIFER MCELHENIE